**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **JULIE CARVER FRANKS,**<br>**Plaintiff** | * | **CIVIL ACTION NO:** |
| **VERSUS** | * | **JUDGE** |
| **CITY OF MINDEN, JASON SMITH and MARVIN GARRETT,**<br>**Defendants** | * | **MAGISTRATE JUDGE** |

**COMPLAINT AND JURY TRIAL DEMAND**

**JURISDICTION**

1. Plaintiff, JULIE CARVER FRANKS, brings this cause of action for monetary damages and declaratory relief pursuant to 42 USC 1983, and amendments thereto and pursuant to C.C. art. 2315 for Due Process, Equal Protection, Fourteenth Amendment, Fourth Amendment, negligence, and invasion of privacy violations.

2. Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2), (3) and (4). Plaintiff alleges pendant jurisdiction and supplemental jurisdiction over the state law claims.

## PARTIES

3. Plaintiff, JULIE CARVER FRANKS, is a citizen of the State of Louisiana and the United States of America. She is domiciled in Webster Parish, Louisiana.

4. Defendant CITY OF MINDEN (“City”) is a political subdivision of the State of Louisiana and is domiciled in Webster Parish, Louisiana.

5. JASON SMITH is a defendant. He is a citizen of the United States. He is a former lieutenant and detective with the Minden Police Department. He is sued in his individual and official capacities.

6. MARVIN GARRETT is a defendant. He is a citizen of the United States. He is a City Marshal for the City of Minden. He acted in an agency and an employment capacity with the City of Minden. He is sued in his individual and official capacities.

## STATEMENT OF FACTS

7. During 2024 plaintiff, JULIE CARVER FRANKS lived with Chris Shipp at his home in Minden, Webster Parish, Louisiana.

8. During the time that plaintiff, JULIE CARVER FRANKS lived with Chris Shipp, he began to physically and mentally abuse her.

9. Plaintiff, JULIE CARVER FRANKS, filed a criminal complaint against Chris Shipp in March 2024, with the Minden Police Department for

domestic abuse.

10. JASON SMITH, a lieutenant and detective with the Minden Police Department was assigned to investigate Plaintiff's complaint.

11. During the course of his investigation, JASON SMITH requested that Plaintiff Franks turnover her cell phone and contents so that he could analyze evidence which supported the complaint of abuse of FRANKS. The cell phone contained both private and restricted still pictures and video of Plaintiff nude and/or in a compromising position. Plaintiff delivered her cell phone to JASON SMITH on or about September 17, 2024 but only gave consent to view pictures shown by her to Smith which were taken by Shipp.

12. JASON SMITH had the entire cell phone downloaded through the Bossier City police department.

13. During his investigation sometime after September 17, 2024, JASON SMITH showed unrelated law enforcement officers and others the nude, compromising pictures of Plaintiff with the intention of gratifying his and others prurient, obscene and sexual desires. These other individuals were not involved in or connected to the investigation or prosecution of the charges against Chris Shipp for domestic abuse. Plaintiff did not give any permission for the release of these images to uninvolved third parties or

officers. She had a reasonable expectation of privacy as a victim who provided the images strictly to obtain justice against Chris Shipp.

14. On or about October 8, 2024, Minden City Marshal MARVIN GARRETT was provided access by Smith and/or Minden police co-employees to the private nude and compromising pictures and video of Plaintiff. He viewed the materials and texted Plaintiff that he enjoyed her pictures, particularly because she is a woman. No male's privacy had been violated in this manner.

15. On or about October 13, 2025, assistant Chief of Police Shane Griffith informed Plaintiff of the acts of Jason Smith that Smith shared her private and restricted nude compromising pictures and video with others who had no need to view them. He wanted Plaintiff to cooperate with him to press felony charges against Jason Smith who was in the process of being terminated. Griffith informed the Chief of Police of the breach of Plaintiff's privacy which provided the Chief with the motivation to secure Smith's final termination. Plaintiff spoke with the Chief Jared McIver who requested information to prove the allegations; plaintiff did provide such information. The Chief indicated he would commence an internal investigation regarding the release of her private pictures. Sometime in June 2026, The Chief indicated he wanted to settle the legal claim of

Plaintiff for damages but wanted to wait until after the November 2026 election.

16. Law enforcement standards at the time proscribed the sharing of private and restricted nude compromising pictures or video of victims with others including fellow law enforcement officers who had no need to see them or who had no connection to the investigation or prosecution of the underlying complaint. The City of Minden instituted compliant procedures beginning around November 2025.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF DUE PROCESS AND EQUAL PROTECTION**

17. Plaintiff hereby realleges, reurges and readopts and incorporates by reference as if fully set forth herein, each and every allegation of Paragraphs 1-16 herein above.

18. At all times relevant and pertinent herein, Plaintiff was a citizen and is protected against unwarranted invasions of privacy. Defendants committed acts of invasions of privacy and or nonconsensual disclosure of a private image (14:283.2) in violation of her Due Process and Equal Protection rights under the Fourteenth Amendment which guarantees individuals a fundamental liberty interest and constitutional right to privacy, encompassing the right to informational privacy and protection against the

unauthorized disclosure of deeply personal, intimate photographic data by state actors.

19. At all times material hereto, defendants Smith and Garrett were law enforcement officers employed by the City of Minden and at all times were acting under the color of state law. The City had no internal policy or training designed to prevent the dissemination of private and restricted nude and compromising photographs and preserve the privacy of victims. Only after these incidents did the City create such policy and training. Defendants Smith and Garrett, acting under color of state law, deprived Plaintiff of this constitutionally protected interest by intentionally accessing, circulating, and viewing Plaintiff's private, nude, and compromising photographs and videos without any legitimate governmental interest.

20. Plaintiff has had her privacy violated by Defendants in violation of the Due Process Clause's liberty interest and privacy interests and Equal Protection Clause of the Fourteenth Amendment, U.S. Constitution by Defendants engaging in a course of conduct which included distributing private and restricted nude compromising video and pictures of Plaintiff, a female, used to gratify his sexual desires. Similarly situated male victims have not had their private digital extraction files disseminated. Here, the

dissemination of Plaintiff’s private images was motivated by purposeful gender-based discrimination to satisfy Smith’s prurient interests. Defendant Garrett's actions and statements—specifically detailing his gratification from viewing Plaintiff's intimate files because she is a woman—together with the discriminatory targeting and distribution of Plaintiff's intimate files, constituted intentional, sex-based discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. Defendants’ arbitrary, egregious conduct shocks the conscience and was undertaken with deliberate indifference to Plaintiff’s federally protected constitutional rights.

21. As a proximate result of Defendants' acts Plaintiff is entitled to an injunction and declaratory judgment to enjoin Defendants from continuing to release this information. Plaintiff seeks an injunction to require the return and/or the destruction of all of her private information.

22. Plaintiff is also entitled to general damages for mental distress, embarrassment and for punitive damages against Smith and Garrett for their deliberate indifference to Plaintiff’s federally protected rights as a citizen and victim and as a female. She is entitled to special damages for the cost of mental health treatment.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF FOURTH AMENDMENT**

23. Plaintiff hereby realleges, reurges and readopts and incorporates by reference as if fully set forth herein, each and every allegation of Paragraphs 1-22 herein above.

24. Smith's seizure and use of the data on Plaintiff's cell phone beyond that permitted is an unreasonable seizure under the Fourth Amendment of the U.S. Constitution as the use and seizure exceeds the scope of consent provided. Smith's acts constitute an illegal expansion of Plaintiff's consensual search and an unlawful extraction and dissemination of information from the Plaintiff's cell phone.

25. Plaintiff had a legitimate, reasonable expectation of privacy in the digital contents, private media, and restricted photographs and video stored on her personal cellular device under the Fourth and Fourteenth Amendments to the United States Constitution.

26. Defendant Jason Smith requested and obtained Plaintiff's cell phone pursuant to Plaintiff's limited, express consent solely to retrieve specific evidence supporting the domestic abuse complaint against Chris Shipp.

27. Defendant Smith exceeded the scope of Plaintiff's limited consent without a warrant, probable cause, or lawful justification by downloading the entire digital contents of Plaintiff's phone, including intimate, restricted images

and videos completely unrelated to any criminal investigation.

28. Defendants Smith and Garrett subsequently seized, viewed, and distributed Plaintiff’s private, intimate digital files to third parties lacking any law enforcement need or investigative role.

29. The warrantless extraction, retention, and unauthorized dissemination of Plaintiff’s private digital media constituted an unreasonable search and seizure in direct violation of Plaintiff’s rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendants Smith and Garrett acted intentionally, maliciously, and with reckless and callous indifference to Plaintiff’s clearly established Fourth Amendment rights.

31. As a proximate result of Defendants' acts Plaintiff is entitled to an injunction and declaratory judgment to enjoin Defendants from continuing to release this information. Plaintiff seeks an injunction to require the return and protection of all of her private information and images.

32. Plaintiff is also entitled to general damages for mental distress, embarrassment and for punitive damages against Smith and Garrett for their deliberate indifference to Plaintiff’s federally protected rights as a citizen, victim and as a female. She is entitled to special damages for the cost of mental health treatment and loss of earning capacity.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1983
Municipal Liability – Monell Claim
Against Defendant City of Minden

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34. Prior to and at the time of the events complained of herein, Defendant City of Minden, acting through its final municipal policymakers (including the Chief of Police), maintained an official policy, custom, pattern, or widespread practice of inadequate training, supervision, and protocols regarding the preservation, digital handling, forensic downloading, and dissemination of sensitive digital evidence obtained from crime victims.

35. The need for comprehensive policies, clear extraction limits, chain-of-custody oversight, and strict prohibitions on disseminating victims' sensitive digital data is so obvious that the City of Minden's failure to train, supervise, and implement safeguards demonstrated deliberate indifference to the constitutional rights of individuals situated like Plaintiff.

36. The City of Minden's failure to train and supervise, as well as its failure to enforce basic data-retention and privacy policies, served as the moving force and direct, proximate cause of the constitutional violations inflicted upon Plaintiff.

**FOURTH CAUSE OF ACTION:**
**PENDANT STATE CLAIMS**

37. Plaintiff hereby realleges, reurges and readopts and incorporates by reference as if fully set forth herein, each and every allegation of Paragraphs 1-36 herein above.

38. Plaintiff seeks damages for injuries arising under the Louisiana State law provisions which prohibit disclosure of the video and pictures of Plaintiff in a nude or in a compromising position. Defendants also committed nonconsensual disclosure of a private image (14:283.2). These acts constitute an intentional tort, gross negligence and invasion of privacy under Louisiana Civil Code Article 2315, as informed by La. R.S. 14:283.2 and the Louisiana Constitution Art. I, § 5.

39. Defendants' conduct breached civil duties recognized under Louisiana law, as specifically informed by the statutory standards set forth in La. R.S. 14:283.2 (Nonconsensual Disclosure of a Private Image).

40. Smith was acting in the course and scope of his employment with the City of Minden at the time of the invasions of Plaintiff's privacy. Garrett was acting as an agent on behalf of the City of Minden and was in its employ at the time of his invasions of Plaintiff's privacy. The City of Minden clothed Garrett with apparent law enforcement authority.

41. Plaintiff suffered embarrassment, humiliation, distress and invasion of privacy as a result of the violations by Defendants.

**MISCELLANEOUS**

42. Plaintiff desires a Jury Trial on all issues triable by a Jury.

43. For the violation of her rights under federal and Louisiana state law, Plaintiff is entitled to general damages for mental distress, embarrassment, humiliation, and inconvenience. Under 42 USC 1983 and 1988, she is entitled to punitive damages against the individual defendants Smith and Garrett, against all defendants for attorney fees and costs of court. She is also entitled to special damages for the costs of mental health treatment.

44. Plaintiff due to her lack of means and poverty is unable to pay the costs of court in advance or as they accrue or to post security therefore. Plaintiff files herewith her application to proceed informa pauperis.

**WHEREFORE, PLAINTIFF JULIE CARVER FRANKS PRAYS THAT:**

**A.** The Plaintiff be granted a declaratory judgment against Defendants, declaring their practices relative to Plaintiff are illegal.

**B.** Defendants pay unto Plaintiff compensatory damages, special damages punitive damages as are reasonable in this matter.

**C.** Plaintiff be awarded costs of suit, reasonable attorneys' fees herein and

prejudgment interest.

**D.** She be granted a Jury trial on all issues so triable herein.

**E.** She be granted an injunction enjoining Defendants from violating the rights of Plaintiff and those enjoyed by all citizens to be free of invasions of privacy and to provide policy and training to their employees to avoid invasions of privacy.

**F.** Further, she be granted an injunction enjoining Defendants to return all private information to her

**G.** She be granted leave of Court to proceed informa pauperis.

**Plaintiff FURTHER PRAYS** for all Orders and Decrees necessary and proper in the premises; for general and equitable relief.

Respectfully submitted:

/s/ *Nelson W. Cameron*
NELSON W. CAMERON (Bar No. 1283)
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
318-226-0111 Telephone
318-226-0760 Facsimile

Counsel for Plaintiff, JULIE CARVER FRANKS