UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JULIE CARVER FRANKS | CIVIL ACTION NO. 5:26-cv-03545 |
| VERSUS | JUDGE VAN HOOK |
| CITY OF MINDEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM IN SUPPORT OF DEFENDANT, THE CITY OF MINDEN'S 12(b)(6) MOTION TO DISMISS**

Respectfully submitted,

**PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, L.L.P.**

BY: *\/s/ Sarah Jagot*
S. Michael Cooper, Bar No. 24057
Marshall Perkins, Bar No. 36979
Sarah Szwak Jagot, Bar No. 41958
mcooper@padwbc.com
mperkins@padwbc.com
sjagot@padwbc.com

400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390

**ATTORNEYS FOR DEFENDANT, THE CITY OF MINDEN**

TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. Federal Claims Asserted ........ 3

B. State Law Claims Asserted ........ 3

III. LAW AND ARGUMENT ........ 4

A. Pleading and Dismissal Standards ........ 4

B. Franks's Federal Claims Against the City Should be Dismissed Because She Has Failed to Plead Municipal Liability Under *Monell*. ........ 5

1. Requirements Under Monell ........ 5

2. Franks Failed to Allege an Official Policy or Custom. ........ 5

3. Franks Failed to Allege Actual or Constructive Knowledge by a Final Municipal Policymaker. ........ 8

4. Franks Failed to Allege That an Official Policy or Custom Was the Moving Force Behind the Constitutional Violations. ........ 9

5. Franks Failed to Adequately Allege a Failure to Train or Supervise. ........ 10

C. Franks's State Law Claims Should be Dismissed ........ 12

1. The City is Not Vicariously Liable for Smith's or Garrett's Alleged Misconduct ........ 12

2. Franks Failed to Adequately Allege Any Independent State Law Claim Against the City ........ 13

IV. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

## CASES

*Argote v. District of Columbia Metropolitan Police Department*, 2016 WL 107916 (D.D.C. Jan. 8, 2016) .......... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 4–5

*Baumeister v. Plunkett*, 673 So. 2d 994 (La. 1996) .......... 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 4–5

*Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997) .......... 9

*Colle v. Brazos County*, 981 F.2d 237 (5th Cir. 1993) .......... 4

*Condon v. Town of Brookfield*, 747 F. Supp. 3d 354 (D. Conn. 2024) .......... 7

*Connick v. Thompson*, 563 U.S. 51 (2011) .......... 10–11

*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) .......... 9

*Hinojosa v. Butler*, 547 F.3d 285 (5th Cir. 2008) .......... 5

*Lee v. Town of Blanchard*, No. CV 24-1196, 2025 WL 4631832 (W.D. La. Feb. 3, 2025), *modified on reconsideration*, 2025 WL 4631830 (W.D. La. Apr. 11, 2025) .......... 6, 12

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) .......... 3, 5, 7–10, 13

*Norris v. Hearst Trust*, 500 F.3d 454 (5th Cir. 2007) .......... 9

*Peña v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) .......... 6

*Rhyne v. Henderson County*, 973 F.2d 386 (5th Cir. 1992) .......... 7

*Rivera v. Houston Independent School District*, 349 F.3d 244 (5th Cir. 2003) .......... 5

*S.D. v. Claiborne Parish School Board*, No. CV 25-1122, 2025 WL 3755472 (W.D. La. Dec. 29, 2025) .......... 5

*Socha v. City of Joliet*, 2019 WL 2576545 (N.D. Ill., 2019) .......... 7

*Stapleton v. Lozano*, 125 F.4th 743 (5th Cir. 2025) .......... 10

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) .......... 1, 5, 8–9

*Verastique v. City of Dallas*, 106 F.4th 427 (5th Cir. 2024)............................................................6

## CONSTITUTIONAL PROVISIONS AND STATUTES

LA. CONST. art. I, § 5 .......... 4, 13

LA. CIV. CODE art. 2315 .......... 4, 13

LA. CIV. CODE art. 2320 .......... 12

La. R.S. § 14:283.2 .......... 4, 13

42 U.S.C. § 1983 .......... 1, 3, 7

## RULES

FED. R. CIV. P. 8 .......... 4

FED. R. CIV. P. 12 .......... 1, 4–5, 7, 9, 14

## I. INTRODUCTION

Julie Carver Franks ("Franks") brings this action against the City of Minden (the "City"), Jason Smith ("Smith"), and Marvin Garrett ("Garrett") (collectively, "Defendants"), asserting violations of the Fourth and Fourteenth Amendments to the United States Constitution and various claims under Louisiana law. Franks's claims arise from allegations that Smith improperly obtained and disseminated intimate photographs and videos from her cell phone during a criminal investigation. Rec. Doc. 1. Franks seeks to hold the City liable under 42 U.S.C. § 1983 based on its alleged failure to maintain adequate policies, training, and supervision regarding the handling of sensitive digital evidence. *Id.* at ¶¶ 33–36. Franks also seeks to hold the City vicariously liable under Louisiana law for the alleged misconduct of Smith and Garrett. *Id.* at ¶ 40.

The City now moves to dismiss all claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Franks's federal claims fail because the Complaint does not plausibly allege (1) an official policy or widespread municipal custom responsible for the alleged constitutional violations; (2) actual or constructive knowledge of such a policy or custom by a final municipal policymaker; or (3) that any such policy or custom was the moving force behind the alleged constitutional violations. *See Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010). Rather, Franks alleges that the City lacked a specific policy governing the dissemination of intimate digital evidence, identifies no prior similar incidents establishing a widespread custom or placing municipal policymakers on notice of a need for additional training, and fails to allege facts establishing a causal connection between any municipal policy or omission and the intentional misconduct at issue. Rec. Doc. 1. Franks's state law claims likewise fail to establish a sufficient basis for holding the City vicariously liable for Smith's and/or Garrett's allegedly intentional, personally motivated conduct. *Id.* Accordingly, the City requests dismissal of all claims asserted against it.

## II. FACTUAL BACKGROUND

The following facts are drawn from Franks's Complaint and are assumed true solely for purposes of this motion.

Franks alleges that, during 2024, she resided with Chris Shipp ("Shipp") in Minden, Louisiana, where she was subjected to physical and mental abuse. *Id.* at ¶¶ 7–8. In March 2024, Franks filed a domestic abuse complaint against Shipp with the Minden Police Department ("MPD"). *Id.* at ¶ 9. Smith, then a lieutenant and detective with the MPD, was assigned to investigate the complaint. *Id.* at ¶ 10. During the investigation, Smith requested Franks's cell phone to obtain evidence supporting her allegations against Shipp. *Id.* at ¶ 11. Franks alleges that she surrendered her phone to Smith on September 17, 2024, but consented only to Smith reviewing certain photographs that she identified as having been taken by Shipp. *Id.* Nevertheless, Smith allegedly arranged for the Bossier City Police Department to download the entire contents of her phone, including photographs and videos showing Franks nude or in compromising positions. *Id.* at ¶¶ 11–12.

Franks further alleges that Smith subsequently showed these photographs and videos to unrelated law enforcement officers and other individuals who had no involvement in the investigation. *Id.* at ¶ 13. According to Franks, Smith disseminated the images for the purpose of satisfying his own sexual desires and those of others, despite having no legitimate investigative reason to do so. *Id.*

Additionally, Franks alleges that Garrett—whom the Complaint identifies as the Minden City Marshal—obtained access to the photographs and videos through Smith or other Minden police employees. *Id.* at ¶ 14. Garrett allegedly viewed the materials and subsequently sent Franks a text message expressing his enjoyment of the photographs, particularly because Franks is a woman. *Id.*

Approximately one year later, on October 13, 2025, Assistant Chief of Police Shane Griffith ("Griffith") informed Franks that Smith had disclosed her private photographs and videos to individuals who had no legitimate reason to view them. *Id.* at ¶ 15. According to the Complaint, Griffith sought Franks's cooperation in pursuing felony charges against Smith, who was then in the process of being terminated. *Id.* Franks further alleges that she spoke with Police Chief Jared McIver ("Chief McIver"), who requested information supporting the allegations and indicated that he would initiate an internal investigation. *Id.* Finally, Franks alleges that in June 2026, Chief McIver expressed an interest in resolving her claims but wished to defer settlement until after the November 2026 election. *Id.* at ¶ 15.

**A. Federal Claims Asserted**

Franks asserts three federal constitutional claims. First, she alleges that "Defendants" violated her right to privacy under the Due Process Clause of the Fourteenth Amendment by accessing and disseminating her intimate photographs and videos without consent. *Id.* at ¶¶ 17–20. Second, she alleges that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by intentionally discriminating against her based on her sex. *Id.* at ¶ 20. Third, she alleges that Defendants violated her Fourth Amendment rights by extracting the contents of her cell phone beyond the scope of her consent and subsequently accessing and disseminating those contents. *Id.* at ¶¶ 23–32. Franks also asserts a claim for municipal liability against the City under 42 U.S.C. § 1983 and *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978) (hereafter, "*Monell*"), based on the City's alleged failure to implement adequate policies, training, and supervision concerning the handling of sensitive digital evidence. Rec. Doc. 1 at ¶¶ 33–36.

**B. State Law Claims Asserted**

Franks also asserts claims under Louisiana law arising from the alleged unauthorized disclosure of her private photographs and videos. Rec. Doc. 1 at ¶¶ 37–41. Specifically, she alleges

an intentional tort, gross negligence, and an invasion of privacy under Louisiana Civil Code article 2315. Rec. Doc. 1 at ¶ 38. Additionally, Franks invokes La. R.S. 14:283.2, which prohibits the nonconsensual disclosure of certain private images, and Article I, § 5 of the Louisiana Constitution, which protects against unreasonable searches, seizures, and invasions of privacy. Rec. Doc. 1 at ¶¶ 38–39. Franks seeks to hold the City vicariously liable for Smith's and/or Garrett's alleged misconduct, asserting that Smith acted within the course and scope of his employment with the City and that Garrett acted as an employee or agent of the City when the alleged violations occurred. *Id.* at ¶ 40.

## III. LAW AND ARGUMENT

### A. Pleading and Dismissal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in *Bell Atlantic Corp. v. Twombly* and its progeny. 550 U.S. 544 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." *Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a

complaint as true. *Iqbal*, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. *See id.* Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the *Iqbal* and *Twombly* standard to survive. *Id.* at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. *Id.*

### B. Franks's Federal Claims Against the City Should be Dismissed Because She Has Failed to Plead Municipal Liability Under *Monell*.

#### *1. Requirements Under Monell*

Under *Monell*, "a municipality may be liable only if its official policy or custom is the 'moving force' behind the plaintiff's alleged constitutional right violation." *S.D. v. Claiborne Par. Sch. Bd.*, No. CV 25-1122, 2025 WL 3755472, at *3 (W.D. La. Dec. 29, 2025) (*citing Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)). To succeed on a *Monell* claim against a municipality, a plaintiff must establish three elements: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." *Valle*, 613 F.3d at 541–42 (internal quotations and citations omitted).

#### *2. Franks Failed to Allege an Official Policy or Custom.*

The first prong of Monell requires that plaintiffs state an official policy or custom. Official policy ordinarily consists of "duly promulgated policy statements, ordinances or regulations." *Id.* Alternatively, a policy can be evidenced by custom. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Hinojosa v. Butler*, 547 F.3d 285, 296 (5th Cir. 2008).

Here, Franks does not identify an official municipal policy responsible for the alleged constitutional violations. To the contrary, she expressly alleges that the City had no internal policy governing the dissemination of private images at the time of the alleged misconduct. Rec. Doc. 1 at ¶ 19. Because Franks identifies no official policy, the question becomes whether she has sufficiently alleged a widespread municipal custom. She has not.

Franks fails to identify a single prior incident involving misconduct similar to that alleged here. Instead, she relies exclusively on her own experience. However, the Fifth Circuit has held that a plaintiff cannot rely solely on the incident giving rise to her injury to establish a persistent and widespread municipal practice. *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). Similarly, in *Lee v. Town of Blanchard*, the court explained that "[w]hen a plaintiff attempts to establish a custom based on previous incidents or conduct by a particular actor, 'to survive dismissal, [the] plaintiff[ ] must cite sufficiently numerous prior incidents, each of which includes specific facts that are sufficiently similar to those alleged.'" No. CV 24-1196, 2025 WL 4631832, at *4 (W.D. La. Feb. 3, 2025) (quoting *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024)), *modified on unrelated grounds on reconsideration*, 2025 WL 4631830 (W.D. La. Apr. 11, 2025). In *Lee*, the plaintiff alleged that an officer who sexually assaulted her had been the subject of prior complaints involving sexual assault and other misconduct. *Id.* at *5. Nevertheless, the Court found those allegations insufficient because the plaintiff failed to provide specific facts concerning the prior incidents. *Id.*

Here, Franks's allegations are even less specific. Unlike the plaintiff in *Lee*, Franks does not identify a single prior incident of similar misconduct by City employees. Instead, she relies exclusively on the alleged misconduct involving her own cell phone. That isolated incident cannot establish a persistent and widespread municipal custom. Federal courts considering analogous

allegations involving law enforcement officers' unauthorized access to or dissemination of intimate photographs have likewise dismissed § 1983 claims against municipalities at the Rule 12(b)(6) stage for failure to sufficiently allege municipal liability. *See, e.g.*, *Socha v. City of Joliet*, 2019 WL 2576545, at *2–3 (N.D. Ill., 2019) (dismissing *Monell* claims where officers allegedly obtained and disseminated nude photographs from a cell phone, but the plaintiff failed to allege a widespread policy or practice and causation); *Argote v. District of Columbia Metropolitan Police Department*, 2016 WL 107916, at *3 (D.D.C. Jan. 8, 2016) (dismissing municipal liability claim under Rule 12(b)(6) where an officer allegedly searched a woman's cell phone and texted himself a nude photograph); *Condon v. Town of Brookfield*, 747 F. Supp. 3d 354, 368 (D. Conn. 2024) (dismissing *Monell* claims involving an officer's alleged dissemination of nude photographs where plaintiffs failed to allege sufficient facts establishing a municipal policy or custom).

Although the failure to adopt a policy may be actionable under *Monell*, the omission must amount to a deliberate choice rather than mere negligent oversight. *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992). The failure to adopt a policy constitutes deliberate indifference only "when it is obvious that the likely consequence[] … will be a deprivation of constitutional rights." *Id.*

Here, Franks alleges that the City lacked a policy specifically prohibiting the dissemination of victims' private images. Rec. Doc. 1 at ¶ 19. However, she does not allege that the City consciously chose not to adopt such a policy despite knowledge of prior misconduct or an obvious risk that its absence would result in constitutional violations. In fact, Franks alleges that existing law enforcement standards already prohibited the improper dissemination of intimate images. *Id.* at ¶ 16. Further, Franks identifies no prior similar incidents that would have placed the City on notice of a need for additional safeguards. The mere absence of a specific written policy prohibiting

Smith's alleged intentional misconduct does not, without more, establish deliberate indifference. Accordingly, Franks has failed to allege an official policy, widespread custom, or deliberate indifference for failure to adopt a policy sufficient to satisfy the first element of *Monell*.

***3. Franks Failed to Allege Actual or Constructive Knowledge by a Final Municipal Policymaker.***

The second element of *Monell* requires actual or constructive knowledge of the alleged policy or custom by a municipal policymaker. *Valle*, 613 F.3d at 541–42. Whether an official possesses final policymaking authority is determined by state and local law. *Id.* at 542. Importantly, the authority to exercise discretion or make operational decisions does not necessarily confer final policymaking authority. *Id.* at 543–44.

Here, Franks identifies Chief McIver as a purported final municipal policymaker but does not allege that he authorized Smith's conduct or had prior knowledge of similar misconduct. Rec. Doc. 1 at ¶ 34. Rather, the Complaint identifies no instance in which Chief McIver was informed of Smith's alleged misconduct before October 2025, approximately one year after the alleged violations. *Id.* at ¶ 15. Upon learning of the allegations, Chief McIver reportedly initiated an internal investigation, and Smith was in the process of being terminated. *Id.* Thus, even assuming Chief McIver possessed final policymaking authority, the Complaint fails to establish that he had actual or constructive knowledge of a widespread practice of unconstitutional conduct, such that the failure to address it can be fairly imputed to the City.

The only individuals alleged to have participated in or to have known of the improper dissemination prior to October 2025 are Smith and Garrett. However, Franks fails to allege facts establishing that either of them possessed final municipal policymaking authority. Smith was a lieutenant and detective with the MPD. Rec. Doc. 1 at ¶ 5. The Fifth Circuit has held that even a police captain with operational command authority was not necessarily a final municipal

policymaker. *Valle*, 613 F.3d at 543–44. Even assuming a police lieutenant could possess final policymaking authority, Franks alleges no facts establishing that Smith had such authority over the City's policies governing the handling of digital evidence.

Although Franks identifies Garrett as the Minden City Marshal, public records establish that Dan Weaver, not Garrett, held that elected office during the relevant period.[1] Even assuming Garrett was employed by the Minden City Marshal as a deputy or in some other capacity, Franks alleges no facts establishing that he possessed final authority to establish municipal policy concerning the handling of digital evidence. Accordingly, Garrett's alleged knowledge of or participation in the misconduct cannot establish the requisite knowledge by a final municipal policymaker under *Monell*.

#### ***4. Franks Failed to Allege That an Official Policy or Custom Was the Moving Force Behind the Constitutional Violations.***

The third element of *Monell* requires that an official municipal policy or custom be the "moving force" behind the alleged constitutional violation. *Valle*, 613 F.3d at 541–42. To satisfy this requirement, a plaintiff must establish a "direct causal link" between the municipal action and the alleged constitutional injury. *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Here, Franks fails to allege how any policy, custom, or omission by the City directly caused the alleged constitutional violations.

[1] *Louisiana Legislative Auditor, Louisiana City Marshals and City Constables*, at B.24 (Apr. 2, 2025) (attached as Exhibit A). The report identifies Dan Weaver as the Minden City Marshal, serving since 2019. The City requests judicial notice establishing that Dan Weaver served as the elected Minden City Marshal during the relevant period. The Court may take judicial notice of matters of public record when deciding a Rule 12(b)(6) motion without converting it into a motion for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

Franks alleges that Smith arranged for the unauthorized extraction of her entire cell phone and subsequently disseminated her intimate photographs and videos for sexual gratification. Rec. Doc. 1 at ¶¶ 11–13. However, Franks does not identify a City policy or custom directing or encouraging such conduct, nor does she allege facts explaining how the absence of a specific policy caused Smith to exceed the scope of her consent and disclose her private images to unauthorized individuals. Instead, Franks merely concludes that the City's alleged deficiencies were the moving force behind the constitutional violations. *Id.* at ¶ 36. Such conclusory allegations, without facts establishing a direct causal connection between the City's conduct and her injuries, are insufficient to satisfy the third element of *Monell*.

***5. Franks Failed to Adequately Allege a Failure to Train or Supervise.***

Franks also alleges that the City failed to adequately train and supervise its officers concerning the handling and dissemination of sensitive digital evidence. Rec. Doc. 1 at ¶¶ 19, 34–36. To establish municipal liability based on a failure to train or supervise, a plaintiff must demonstrate that (1) the municipality failed to train or supervise its officers; (2) there is a causal connection between that failure and the alleged constitutional violation; and (3) the failure amounted to deliberate indifference to the plaintiff's constitutional rights. *Stapleton v. Lozano*, 125 F.4th 743, 754 (5th Cir. 2025).

Deliberate indifference is a "stringent standard of fault" requiring a showing that a municipal policymaker disregarded a known or obvious consequence of its action or inaction. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A pattern of similar constitutional violations is ordinarily necessary to establish deliberate indifference because municipal policymakers must have notice that existing training or supervision is deficient. *Id.* at 62. Here, Franks fails to identify a single prior incident involving the unauthorized extraction or dissemination of private images by City employees. Further, Franks fails to allege any prior complaints or other circumstances that

would have placed municipal policymakers on notice of a need for additional training or supervision. Instead, she relies exclusively on the alleged misconduct involving her own cell phone. Thus, Franks fails to allege a pattern of similar constitutional violations sufficient to place the City on notice of deficiencies in its training or supervision and support a finding of deliberate indifference.

There is a narrow single-incident exception that permits municipal liability without a prior pattern, but it applies only when the constitutional violation is a highly predictable consequence of the municipality's failure to provide necessary training. *Connick*, 563 U.S. at 63–64. The Supreme Court has emphasized that this exception applies only in the rare circumstance where the unconstitutional consequences of failing to train are so "patently obvious" that deliberate indifference may be established without prior violations. *Id.* at 64.

Franks's allegations do not fall within this narrow exception. Franks alleges that the City failed to provide adequate training concerning the extraction and dissemination of intimate images. Rec. Doc. 1 at ¶¶ 19, 34–35. However, she also alleges that Smith intentionally disseminated her private images for his own sexual gratification, without any legitimate investigative purpose. *Id.* at ¶ 13. Franks fails to explain how such intentional misconduct was a highly predictable consequence of the City's alleged failure to provide additional training. Additionally, Franks does not allege facts showing that the unauthorized extraction of her cell phone was a highly predictable consequence of any specific deficiency in the City's training concerning consent searches. Accordingly, Franks has failed to adequately allege deliberate indifference under either the ordinary pattern requirement or the narrow single-incident exception, and her failure to train and/or supervise claims against the City should be dismissed.

**C. Franks's State Law Claims Should be Dismissed.**

***1. The City is Not Vicariously Liable for Smith's or Garrett's Alleged Misconduct.***

Under Louisiana Civil Code article 2320, an employer may be held vicariously liable for an employee's tortious conduct committed within the course and scope of employment. Louisiana courts consider four factors in determining whether an intentional tort occurred within the course and scope of employment: "(1) whether the tortious act was primarily employment rooted; (2) whether the violence was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment." *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So. 2d 994, 997. Not all four factors must be satisfied, and satisfaction of all four does not necessarily establish vicarious liability. *Id.* As the *Baumeister* court explained, vicarious liability only attaches "if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Id.*

In *Baumeister*, a hospital employee assaulted a fellow employee on the hospital's premises during working hours. 673 So. 2d at 995. Although the assault occurred at work and the employee's position afforded him access to the victim, the Louisiana Supreme Court held that the hospital was not vicariously liable because the assault was neither employment rooted nor reasonably incidental to the employee's duties. *Id.* at 997–1000. The Court emphasized that the employee's conduct was "entirely extraneous to his employer's interests." *Id.* at 1000.

In *Lee*, the Court dismissed the plaintiff's state law vicarious liability claim against the municipality arising from a police officer's alleged sexual assault of a domestic abuse victim. 2025 WL 4631832, at *7. Although the officer initially encountered the victim while performing his official duties, the Court concluded that his subsequent sexual misconduct was motivated by purely personal considerations unrelated to his employment. *Id.*

Similarly, Franks alleges that Smith exceeded the scope of her consent by obtaining the entire contents of her cell phone, including intimate photographs and videos unrelated to the criminal investigation. Rec. Doc. 1 at ¶¶ 11–13. Smith then allegedly disseminated those images to unrelated individuals for his own sexual gratification and that of others, without any legitimate investigative purpose. *Id.* at ¶ 13. Although Smith initially obtained Franks's cell phone in connection with his official duties, there is no plausible allegation that the extraction and dissemination of those images for personal gratification was reasonably incidental to his duties as a police officer. Thus, the City cannot be held vicariously liable for Smith's alleged misconduct.

Likewise, Franks alleges that Garrett accessed her private photographs and expressed his personal enjoyment of them. *Id.* at ¶ 14. Even assuming Garrett was employed by the City, Franks alleges no facts establishing that his conduct furthered any legitimate municipal purpose or was reasonably incidental to his employment duties. Accordingly, Franks fails to establish a basis for holding the City vicariously liable for Garrett's alleged misconduct.

***2. Franks Failed to Adequately Allege Any Independent State Law Claim Against the City.***

Finally, although Franks generally asserts claims for intentional tort, gross negligence, and invasion of privacy under Louisiana Civil Code article 2315, as informed by La. R.S. 14:283.2 and Article I, § 5 of the Louisiana Constitution, she does not expressly allege that the City independently committed any of these violations. Rec. Doc. 1 at ¶¶ 37–40. Rather, her state law allegations against the City are premised on Smith's and/or Garrett's alleged conduct within the course and scope of their employment or agency relationship with the City. *Id.* at ¶ 40.

Likewise, her allegations concerning the City's failure to train and supervise appear exclusively within her federal *Monell* claim. *Id.* at ¶¶ 33–36. To the extent Franks intends to assert any independent state law claim against the City, she fails to allege sufficient facts establishing a

separate basis for such liability.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss all of Franks's claims against the City with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Franks has failed to state any plausible claim against the City under federal or state law.

[*SIGNATURE AND CERTIFICATE OF SERVICE ON FOLLOWING PAGE*]

Respectfully submitted,

**PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, L.L.P.**

BY: *\/s/ Sarah Jagot*
S. Michael Cooper, Bar No. 24057
Marshall Perkins, Bar No. 36979
Sarah Szwak Jagot, Bar No. 41958
mcooper@padwbc.com
mperkins@padwbc.com
sjagot@padwbc.com

400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390

**ATTORNEYS FOR DEFENDANT, THE CITY OF MINDEN**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of November, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record.

/s/ *Sarah Jagot*
OF COUNSEL